# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**CHARLES KOCH**  
**C/O THE ALBENZE LAW GROUP LLC**  
**124 MIDDLE AVE 9TH FLOOR**  
**ELYRIA, OHIO 44035**

      Plaintiff

v.

**LORAIN COUNTY, OHIO AND**  
**LORAIN COUNTY BOARD OF COMMISSIONERS**  
**226 Middle Ave., 4th Floor**  
**Elyria, Ohio 44035**

And

**SHERIFF PHIL R. STAMMITTI**  
**LORAIN COUNTY SHERIFF'S OFFICE**  
**9896 Murray Ridge Rd.**  
**Elyria, Ohio 44035**  
**(In his official capacity as Lorain County Sheriff)**

And

**LIEUTENANT MIKE CRUM**  
**9896 Murray Ridge Rd.**  
**Elyria, Ohio 44035**  
**(Individually and In his official capacity as Lorain County Sheriff's office employee and supervisor of Rubin Ortiz)**

**CASE NO.**

**JUDGE**

**And**

**RUBEN ORTIZ**
**5973 Sandlewood Ave.**
**North Ridgeville, Ohio 44039**
**(Individually and in his official capacity**
**as Lorain County Sheriff's office Officer)**

**And**

**JOHN DOE 1**
**9896 Murray Ridge Rd.**
**Elyria, Ohio 44035**
**(Individually and in his official capacity**
**as Lorain County Sheriff's office Officer)**

**And**

**JOHN DOE 2**
**9896 Murray Ridge Rd.**
**Elyria, Ohio 44035**
**(Individually and in his official capacity**
**as Lorain County Sheriff's office Officer)**

**And**

**JOHN DOE 3**
**9896 Murray Ridge Rd.**
**Elyria, Ohio 44035**
**(Individually and in his official capacity**
**as Lorain County Sheriff's office Officer)**

## I.  INTRODUCTION

1. This civil rights case challenges the Defendants' use of excessive force upon a restrained and mentally ill inmate at the Lorain County Jail ("jail").  This civil rights case seeks compensation for the violation of Plaintiff, Charles Koch's Fourth and Fourteenth Amendment rights under the U.S. Constitution. This case also seeks compensation for the

State Law Claims of Assault, Battery, Negligence and Falsification. Further, this complaint alleges and demonstrates that the Defendants Lorain County, Ohio, Lorain County Board of Commissioners, Sheriff Phil R. Stammitti and all John Does conduct through their failures to stop and investigate Mr. Koch's assault.  These Defendants also failed to properly hire and train their officers despite multiple incidents and even lawsuits to properly prevent instances such as t his one. The policies, procedures, customs and habits of the officers in the Lorain County Jail are a contributing factor behind the violation suffered by plaintiff, Charles Koch.

2. The violations of Mr. Koch's state and federal rights occurred on or about August 23, 2023, in the Lorain County Jail. On that day, Defendants Rubin Ortiz and John Does 2-4 used unreasonable, gratuitous and excessive force without justification in the course of their employment upon Mr. Koch while he was in custody and partially restrained. Mr. Koch posed no threat to any officer, nor did he engage in ANY physically aggressive behavior or mannerisms. Mr. Koch brings this civil rights action to secure fair compensation and to encourage the Lorain County Sheriff's office to properly hire and train employees to further avoid illegal, excessive and gratuitous use of force against inmates in their custody.

3. The entire incident was caught on film as Defendants John Does 2-4 failed to intervene while Defendant Ortiz viciously attacked Plaintiff.  John Does 2-4 not only failed to report the incident but failed to stop the beating that occurred.

4. Defendant Ruben Ortiz's personnel file displays multiple similar incidents that could have and should have been prevented but for the Gross negligence of all defendants by failing to supervise, reprimand, train and when necessary, terminate employees.

## II. JURISDICTION

5. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred to this Court by 28 U.S.C. 1367.

## III. PARTIES

6. Plaintiff Charles Koch is an individual who was a resident of Lorain County, Ohio at all times relevant to this action. He brings this suit on his own behalf for damages resulting from the violation of his rights under both Ohio and Federal Laws.

7. Defendant Lorain County is a unit of local government that is organized under the laws of the State of Ohio. The County is sued through the Lorain County Board of Commissioners who are named only in their official capacity pursuant to O.R.C. 305.12. Defendant Lorain County is a "Person" under 42 U.S.C. 1983 and at all times relevant to this action acted under the color of law. Lorain County was at all times relevant a county policy maker with respect to customs, practices, policies and procedures in the Lorain County jail.

8. Defendant Phil R. Stammitti until January 1, 2024, but at all times relevant to this action was the duly elected Sheriff of Lorain County, Ohio. Defendant is a "person" under 42 U.S. C. 1983 and at all times relevant to this case, acted under the color of law. He is only sued in his official capacity. He was at all times a county policy maker with respect to customs, practices, policies and procedures in the Lorain County jail.

9. Defendant Mike Crum, and acting Lieutenant for the Lorain County Sheriff's Office. Defendant is a "person" under 42 U.S. C. 1983 and at all times relevant to this case, acted under the color of law. He is sued in his official capacity as well as individually. He was

at all times a county policy maker with respect to customs, practices, policies and procedures in the Lorain County jail.

10. Defendant Ruben Ortiz is a "person" under 42 U.S. C. 1983 and at all times relevant to this case, acted under the color of law. He is sued in his official capacity as well as individually. At all times relevant to this action, he served as a corrections officer of the Lorain County Sheriff's Office.

11. John Does 1-3 are "persons" under 42 U.S. C. 1983 and at all times relevant to this case, acted under the color of law. They are sued in their official capacity as well as individually. At all times relevant to this action, they served as officers of the Lorain County Sheriff's Office.

IV. FACTS

12. On or about January 20, 2022, Charles Koch was found Not Guilty by Reason of Insanity of two counts of Assault, Felonies of the 4th Degree in violation of ORC 2904.13 (A), in Lorain County Court of Common Pleas Case No. 21CR104138.

13. This finding came as the result of a psychological evaluation performed by Dr. Bethany Young Lunquist, completed on October 8, 2021. This report deemed Mr. Koch to be mentally ill, to the extent that he could not form the necessary mental requisite to be found guilty of the crime with which he was charged.

14. Mr. Koch was ordered by Judge Christopher Cook to remain in society but conform to his ordered mental health treatment and medication.

15. On or about August 10, 2023, his Forensic Monitor, Arielle Edwards, advised Judge Cook's Court that Mr. Koch's mental health was in decline, he was not compliant with his treatment or his medication and was currently "Pink Slipped" due to a severe break in

his mental health.  Mrs. Edwards requested that he be taken into custody and transported to North Coast Behavioral Hospital.

16. A Capias was issued by Judge Cook's Court on or about August 11, 2023, and Mr. Koch was arrested on the same date.  Mr. Koch was taken to the Lorain County Jail.

17. On or about August 23, 2023, Judge Cook sent the following order to the Lorain County Jail "The Lorain County Sheriff Department is Hereby ordered to transport Charles Edward Koch DOB: 04/02/1989 from LCCF to the North Coast Behavioral Health Center on August 25, 2023."

18. The Lorain County Sheriff's Office has knowledge that North Coast Behavioral Hospital is a hospital for the mentally ill.

19. On or about August 25, 2023, Defendant was preparing Charles Koch for transport to North Coast Behavior Hospital, when he severely beat Mr. Koch.  The entire incident was caught on film.

20. Without any provocation, while partially restrained, Defendant Ortiz threw Mr. Koch's head into a brick wall, then began landing several unblocked, closed-fist strikes to the face of Mr. Koch.  From there, he slammed Mr. Koch's head on a near by bench and took him to the ground.  Once on the ground, Defendant Ortiz landed several more unblocked strikes to the head and face of Mr. Koch. At no time during the assault, did Mr. Koch attempt to defend himself or resist.

21. During the assault, John Does 1-3 were nearby and in sight of the camera.  At no time did they intervene to prevent the assault.  Toward the end, rather than remove Defendant Ortiz, they piled onto Mr. Koch to further restrain him, despite any attempt at resisting.

22. Defendant Ortiz has a long history of misconduct, including several instances of violence in his personnel file. In his first three annual evaluations, supervisors noted that Ortiz 'used bad judgment when dealing with inmates' and would 'take their remarks personally'. In later years, supervisors noted Ortiz 'let his emotions override good judgment' and 'at times would get overzealous' — having 'lapses of judgment'. In 2013 Ortiz was written up for using 'excessive force'.

23. In 2005, four years after he was hired — Ortiz was written up for placing an inmate in a restraint bed without getting his supervisor's permission, as required. Two months later, a Captain wrote that Ortiz got into a 'needless physical confrontation' with inmate Damian Bell. Ortiz struggled with Bell and threw his radio to the floor. As a result of the confrontation, supervisors found Ortiz 'mistreated the inmate', he was suspended for three days.

24. In March of 2010, reports show that Ortiz tried breaking up a fight that broke out between inmates. The video shows Ortiz placing his knee on the head of inmate Bohannon Miller, causing minor injuries. However, Ortiz failed to disclose that in his Use of Force Report, as required. He was therefore given a written reprimand.

25. Three years later, in 2013, an investigation found Ortiz mistreated inmate Michael Cadman. Investigators found Ortiz pushed Cadman against a wall, struck him in the head and kneed him in the back. They also determined Ortiz entered inaccurate information on his incident report. As a result, Ortiz was once again suspended for three days.

26. A 2018 incident with inmate Steven Conley, led to a federal lawsuit filed in 2019 and settled out of court, Conley claims officers Ortiz and James Stanley beat him while he was handcuffed. Video shows Ortiz and Stanley escorting Conley to a room. Once inside,

an officer appears to swipe Conley's legs — knocking him to the floor. In his lawsuit — Conley claimed both officers began kicking and punching him — causing severe injuries and permanent damage to his eardrum. According to the incident report, Conley was being disruptive, and officers restrained him, using minimal force. As a result, both officers were cleared and therefore no report was included in either of their files.

27. As a result of the instant incident, Defendant Ortiz was terminated from his employment with the Lorain County Sheriff's Office and charged with Assault and Falsification in the Municipal Court of Elyria, Ohio, case No. 2023CRB03155.

28. The Assault charge stems from the beating of Koch and the falsification charge stems of a report that blatantly misrepresented the facts surrounding the beating.

29. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti's, and Lieutenant Mike Crum's policies, practices, customs and usages regarding subject control, use of force and the documentation of the uses of force were and are a driving force behind the excessive force used on Plaintiff Charles Koch.

30. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum customarily allow their agents and officers to engage in the use of excessive force without proper reprimand or training to the contrary.

31. There is a pattern of overlooked uses of excessive force in the Lorain County Jail perpetrated by officers of the Lorain County Sheriff's Office.

32. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum fail to institute policies or train officers to hold other officers accountable for excessive uses of force.

33. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute and enforce policy for excessive uses of force of inmates who are restrained or partially restrained.

34. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute and enforce policy for excessive uses of force of inmates who are physically compliant.

35. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute and enforce policy for excessive uses of force of inmates who verbalize insults.

36. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute and enforce policy for excessive uses of force of inmates who are mentally ill.

37. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute and enforce policy to ensure the accuracy of reports documenting excessive uses of force.

38. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute, train and enforce officers on how to write complete, truthful reports.

39. The training and supervision by Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum provided to Defendant Ortiz and John Does 1-3 was deliberately indifferent to the excessive use utilized on inmates.

40. The conduct of Defendant Ortiz and John Does 1-3 constitutes a pattern and practice of the use of excessive force like that used upon Mr. Koch.

41. The habitual use of excessive force is so permanent and engrained in the culture of the Lorain County Jail that it constitutes a custom, as evidenced by the regularity of its occurrence.

42. This custom further creates a driving force behind new incidents as well as the injuries suffered by Mr. Koch.

43. As a direct and proximate result of ALL defendants, Mr. Koch suffered permanent physical injury, pain, emotional trauma and psychological trauma.

## V. CAUSES OF ACTION

**COUNT 1: SECTION 1983: EXCESSIVE FORCE (Defendant Ruben Ortiz)**

44. Paragraphs 1-44 are hereby restated and incorporated into Count 1 of this complaint.

45. Defendant Ortiz has under color of law deprived Charles Koch of rights, privileges and immunities secured to him by the United States Constitution including but not limited to the right be free from unreasonable seizures under the Fourth Amendment as applied to the States through the Fourteenth Amendment.

46. As a direct and proximate result of the unconstitutional force used on Mr. Koch, he suffered permanent and multiple traumas including but not limited to bruises, potential concussions (undiagnosed due to lack of treatment), exorbitant pain, PTSD, exasperated symptoms of already existing mental illness, regression, emotional and psychological distress, new symptoms related to prior mental illness and several permanent emotional and psychological effects.

47. Mr. Koch has incurred medical and psychological bills and will continue to do so in the future.

**COUNT 2: ASSAULT AND BATTERY (Defendant Ruben Ortiz and John Does 1-3)**

48. Paragraphs 1-47 are restated and incorporated into Count 2 of this complaint.
49. Under Ohio Law, Defendant Officers acts of harmful unwanted touching of Charles Constitutes battery.
50. Defendant Ortiz and John Does 1-3 engaged in unprivileged, intentional, harmful, offensive touching of Mr. Koch, all of which is documented on film.
51. Defendant Officers' Battery was a direct and proximate of Charles Koch's severe permanent mental and physical injuries.
52. The unprovoked beating of Mr. Koch, caught on film by Defendant Ortiz, constitutes assault.
53. The failure of John Does 1-3 to intervene in the assault constitutes complicity in that assault.
54. Defendant Ruben Ortiz was charged with Criminal Assault for his assault on Mr. Koch.
55. Mr. Koch has suffered severe medical, physical and mental injuries and distress due to this assault.
56. Mr. Koch has incurred and will continue to incur bills for his mental and psychological treatment as a direct and proximate result of the assault and battery committed by Defendants.

**COUNT 3: CLAIM PURSUANT TO MONELL (Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum)**

57. Paragraphs 1-56 are restated and incorporated into Count 3 of this complaint.

58. The policies, practices and customs of Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum regarding excessive force and violence were a direct and moving force behind the illegal and unconstitutional force inflicted upon Mr. Koch.

59. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum customarily allow their officers to use illegal and unconstitutional force upon citizens without having to follow the law and without being held accountable or disciplined appropriately for their misconduct.

60. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum failed to institute adequate Policies, Procedures, Training and Customs regarding the use of force.

61. Defendant Officer Ruben Ortiz and John Does 1-3 illegal and unconstitutional misconduct was known, approved of and ratified by Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum, as evidence by the countless past occurrences that went without appropriate action against those infractions.

62. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum demonstrate a pattern practice of failing to

adequately train, supervise, investigate and discipline officers relating to excessive, unconstitutional and illegal use of force on inmates.

63. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum demonstrate a pattern practice of failing to adequately train, supervise, investigate and discipline officers relating to the handling of mentally ill citizens.

64. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum demonstrate a pattern practice of failing to adequately train, supervise, investigate and discipline officers relating to illegal, unconstitutional and excessive use of force on restrained citizens/inmates.

65. The inadequate training of Defendant Ortiz and John Does 1-3 by Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum amounts to the customary and deliberate indifference to the rights of inmates in the Lorain County Jail.

66. The illegal, excessive and unconstitutional use of force upon Mr. Koch demonstrates that the custom and policy of Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum to allow its Officers to act as though they are not bound by the law of the State of Ohio and are not bound by the Parameters set forth by the United States Constitution.

67. This behavior is so permanent and engrained as a custom and policy of Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum, that it is allowed to be repeated by the same officers with little to no action to prevent it.

68. The evolution of this policy, practice and custom is a direct, driving force and proximate cause of the injuries suffered by Mr. Koch.

**COUNT 4: SPOLIATION (All Defendants)**

69. Paragraphs 1-68 are restated and incorporated into Count 4 of this complaint.

70. In an attempt to cover up the incident that occurred, all defendants failed to act appropriately to preserve evidence.

71. Mr. Koch was not examined by medical personnel, nor were pictures taken of his injuries.

72. This failure to preserve evidence was done intentionally to avoid the consequences of the actions of the vicious attack inflicted upon Charles Koch.

73. Defendant Ortiz was charged with Criminal Falsification in the Municipal Court of Elyria, Ohio.

74. All Defendants intentional failure to preserve evidence to avoid consequence constitutes Spoliation of Evidence as all of the elements:

    a. Pending or probable litigation involving the plaintiff

    b. Knowledge on the part of the Defendant that litigation is pending or probable

    c. Willful destruction of evidence by Defendant, designed to disrupt the Plaintiff's case

    d. Disruption of the Plaintiff's case

    e. Damages proximately caused by the Defendant's acts

**COUNT 5: GROSS NEGLIGENCE (Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum)**

75. Paragraphs 1-75 are restated and incorporated into Count 5 of this complaint.

76. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum were aware of the pattern of abuse that Defendant Ortiz inflicted upon inmates, as evidenced by his numerous evaluations, infractions violent incidents and litigation.

77. Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum had a duty to protect those in their custody from such violent atrocities.

78. By continuing to employ an officer that has consistently displayed a pattern of violence against those in his custody, Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum breached that duty.

79. This breach was so severe, due to the numerous documented prior occurrences that it demonstrates a willful and wanton disregard for the safety of the inmates of the Lorain County Jail, and therefore rises to the level of Gross Negligence.

80. This Gross Negligence on the part of Defendants Lorain County, Ohio and Lorain County Board of Commissioners, Sheriff Phil R. Stammitti, and Lieutenant Mike Crum is a direct and proximate cause of the permanent physical, emotional and psychological injuries sustained by Charles Koch.

**COUNT 6: GROSS NEGLIGENCE (Defendants John Doe 1-3)**

81. Paragraphs 1-80 are restated and incorporated into Count 6 of this complaint.

82. John Does 1-3, as seen on the video, were in close proximity to Defendant Ortiz and Plaintiff Koch when the beating occurred.

83. John Does 1-3 have a duty to protect those in their custody.

84. John Does 1-3 allowed the beating to occur without interfering, even though Mr. Koch was restrained and not fighting back.

85. John Does's 1-3 complete disregard of the savage beating taking place demonstrates a willful and wanton disregard for the safety of the inmates of the Lorain County Jail, as they could have intervened immediately.

86. This failure to act on the part of John Does 1-3 consitutes a breach of their duty.

87. The willful and wanton disregard for the safety of an inmate and breach of duty rises to the level of Gross Negligence.

88. This Gross Negligence on the part of John Does 1-3 is a direct and proximate cause of the permanent physical, emotional and psychological injuries sustained by Charles Koch.

## VI.  JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues this Court deems triable by jury.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be determined at trial.

B. Award Plaintiff Punitive damages (Except against Lorain County) in an amount to be determined at trial.

C. Award Plaintiff reasonable attorney fees, costs and disbursements.

D. Award Plaintiff any other relief that this Court Deems just and proper.

                              Respectfully Submitted,

                              _____
                              Steve G. Albenze (0089558)
                              **The Albenze Law group, LLC**
                              124 Middle Ave. Suite 900
                              Elyria, Ohio 44035
                              (440) 523-1783
                              (440) 284-1736 (fax)
                              Albenzelawgroup@gmail.com