# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CHARLES KOCH** | CASE NO. 1:24-CV-00031 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| vs. | **MOTION FOR DECLARATION OF NO DUTY TO DEFEND AND INDEMNIFY** |
| **LORAIN COUNTY, et al.** | |
| Defendants. | |

Parties to this matter Lorain County and the Lorain County Board of Commissioners (the "County Parties"), through their counsel, respectfully come before this Honorable Court and move the Court for a declaration pursuant to Ohio Revised Code § 2744.07(D) that they have no duty to defend and/or indemnify Defendant Ruben Ortiz in the present case. The County Parties respectfully request an oral hearing on this Motion. A Memorandum in Support follows.

Respectfully submitted,

**ANTHONY CILLO** (0062497)
Prosecuting Attorney
Lorain County, Ohio

/s/ Leigh S. Prugh
LEIGH S. PRUGH (0072852)
Assistant Prosecuting Attorney
225 Court Street, 3rd Floor
Elyria, OH 44035
T. (440) 329-5389
F. (440) 329-5430
leigh.prugh@lcprosecutor.org
*Counsel for Lorain County and the
Lorain County Board of Commissioners*

**MEMORANDUM IN SUPPORT**

I. **FACTS**

Plaintiff alleges that he was assaulted by Defendant Lorain County Corrections Officer Ruben Ortiz on August 25, 2023. Specifically, Plaintiff alleges that he was under some degree of judicial control stemming from a criminal case in Lorain County Common Pleas Court, in which he was found not guilty by reason of insanity. However, his mental health started to suffer subsequently, and he was ordered pink slipped by the judge in his criminal matter, who also issued a capias for him. As a result, he was taken into custody by the Lorain County Sheriff and brought to the County Jail, whereafter he would be transported to the Northcoast Behavioral Healthcare facility under order of the court. Plaintiff further alleges that in the process of preparing Plaintiff for transport, Defendant Ortiz viciously beat Plaintiff and caused severe injuries.

Based upon these allegations, the Complaint named Lorain County the County Parties as Defendants in this matter. Count two alleges claims of assault and battery against Ortiz, and Count Five alleges gross negligence claims against Defendant Ortiz.

Based upon the following, the County Parties move this Court for a declaration, pursuant to O.R.C. § 2744.07(D), that the Lorain County Board of Commissioners has no duty to defend and/or indemnify Defendant Ortiz in the case.

II. **LAW AND ARGUMENT**

With respect to a political subdivision's duty to defend, O.R.C. § 2744.07(A)(1) provides in pertinent part:

> Except as otherwise provided in division (A)(2) of this section, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding which contains an allegation for damages for injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function. Amounts

>expended by a political subdivision in the defense of its employees shall be from funds appropriated for this purpose or from proceeds of insurance.

However, O.R.C. § 2744.07(A)(2)(a) and (b) provide as follows:

>(2) A political subdivision is not required to indemnify and hold harmless an employee under division (B)(1) of this section if any of the following apply:
>
>(a) The act or omission occurred while the employee was **not acting in good faith**.
>
>(b) The act or omission occurred while the employee was **acting manifestly outside the scope of the employee's employment or official responsibilities**. (Emphasis added.)

With respect to a political subdivision's duty to indemnify, O.R.C.§ 2744.07(B)(2)(a) and (b) states:

>(B)(2) A political subdivision is not required to indemnify and hold harmless an employee under division (B)(1) of this section if any of the following apply:
>
>(a) At the time of the act or omission, the employee was **not acting in good faith**.
>
>(b) At the time of the act or omission, the employee was **not acting within the scope of the employee's employment or official responsibilities.**
>Emphasis added)

Accordingly, the determination of a political subdivision's duty to defend and/or indemnify its employee pursuant to O.R.C. § 2744.07 turns upon whether the employee was acting in good faith, or not manifestly outside the scope of his or her employment of official responsibilities. Whether or not an act by an employee is within the scope of employment is to be determined according to the particular facts of each case. *Ohio Government Risk Management Plan v. Harrison,* 115 Ohio St. 3d 241, 244, 874 N.E.2d 1155 (2007). The determination of whether conduct is within or outside the scope of employment necessarily turns on the fact finder's perception of whether the employee acted, or believed himself to have acted, at least in part, in his employer's interests or in the scope of his job duties. *Id; McCormack v. Jefferson Area Local School Dist.,* 112 N.E.3d 338, 2018 Ohio App. LEXIS 4040 (11th Dist. Sept. 17, 2018), 2018-

Ohio-3744. However, this question of fact reverts to question of law when reasonable minds can come to but one conclusion on the issue. *Cantwell v. Franklin County Bd. of Comm'rs.,* 2012 Ohio App. LEXIS 1989 (10th Dist. May 22, 2012), 2012-Ohio-2273, ¶ 8. See also *Jackson v. Richard*, 2022 U.S. Dist. LEXIS 154731 *21-22 (S.D. Ohio Aug. 26, 2022), stating "when reasonable minds can come to but one conclusion, the issue regarding scope of employment become[s] a question of law."

A political subdivision may file a motion with the court seeking a determination regarding the political subdivision's duty to defend and/or indemnify the aforementioned employee. R.C. § 2744.07(D). Given that this Court has already granted summary judgment to the County Parties, it follows that this Court has come to the conclusion that no bad faith nor actions outside the scope of employment occurred on the part of Phil Stammitti or Michael Crum. Accordingly, the County Parties respectfully move this Court issue an order providing that the Lorain County Board of Commissioners has no duty to defend and/or indemnify Defendant Ortiz in the case. In the alternative, however, the County Parties respectfully request a hearing on this matter.

### III. CONCLUSION

Based on the foregoing, the County Parties respectfully move this Court for a declaration that the Lorain County Board of Commissioners has no duty to defend and/or indemnify Defendant Ruben Ortiz in this case. Alternatively, they request that this Court schedule an oral hearing on this issue pursuant to R.C. 2744.07(D).

    Respectfully submitted,

    **ANTHONY CILLO** (0062497)
    Prosecuting Attorney
    Lorain County, Ohio

/s/ Leigh S. Prugh
LEIGH S. PRUGH (0072852)
Assistant Prosecuting Attorney
225 Court Street, 3rd Floor
Elyria, OH 44035
T. (440) 329-5389
F. (440) 329-5430
leigh.prugh@lcprosecutor.org
*Counsel for Lorain County and the*
*Lorain County Board of Commissioners*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2025, I electronically filed a true and accurate copy of the foregoing *Motion for Declaration of No Duty to Defend and Indemnify* via the Court's electronic filing system, by which notice upon all parties will be distributed.

/s/ Leigh S. Prugh
Leigh S. Prugh